# BANTLE & LEVY LLP

ATTORNEYS AT LAW

99 PARK AVENUE, SUITE 1510

NEW YORK, NEW YORK 10016

ROBERT L. LEVY
LEE F. BANTLE
SHERIE N. BUELL
DAVID KRAUSS

TEL 212.228.9666
FAX 212.228.7654

October 10, 2022

**Via ECF**
Honorable Jennifer L. Rochon
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

        Re: *Victoria Monahan v. Northwell Health, Inc. et al.*
           Case No. 22-cv-6016-JLR

Dear Judge Rochon:

  Plaintiff Victoria Monahan and Defendants Northwell Health, Inc. and North Shore University Hospital submit this joint letter to the Court to update the Court on the status of the case.

1. Plaintiff's counsel: Lee Bantle, Sherie Buell, and James Bagley from Bantle & Levy LLP. Laura Sager, Matthew Dorfman, and Emma Stanton from Washington Square Legal Services. The contact information reflected on the docket is current for all plaintiff's counsel.

    Defendants' counsel: Lisa M. Griffith and Zack G. Sharpe, IV from Littler Mendelson P.C. The contact information reflected on the docket is current for Defendants' counsel.

2. Plaintiff Victoria Monahan is suing Defendants Northwell Health, Inc. and North Shore University Hospital under Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq*. (the "ADA"), and N.Y. Exec. § 296 *et seq*. (the "New York State Human Rights Law" or the "NYSHRL") for hostile work environment related to disability, discrimination on the basis of disability, failure to provide a reasonable accommodation for disability, and retaliation due to disability.

    Defendants deny all of Plaintiff's claims. Defendants' principal defenses are: (1) that Plaintiff's suit is time-barred because she failed to file her claims before the expiration of the statute of limitations outlined within her fully signed and acknowledged employment application; (2) Defendants did not subject Plaintiff to a hostile work environment, nor did

BANTLE & LEVY LLP

    they discriminate against Plaintiff based on any purported disability; (3) Defendants did not fail to provide Plaintiff with a reasonable accommodation; and (4) Defendants did not retaliate against Plaintiff because of any purported disability.

3. This court has jurisdiction over Plaintiff's ADA claims under 42 U.S.C. § 12117(a) (citing 42 U.S.C. § 2000e-5) and 28 U.S.C. § 1331. Venue in this District is proper pursuant to 42 U.S.C. § 12117(a) (citing 42 U.S.C. § 2000e-5(f)(3)) in that the events in violation of the ADA took place in the State of New York.

4. Under the Court's most recent order, any motion to amend or to join additional parties shall be filed no later than October 19, 2022. Proposed ESI protocols shall be submitted by Plaintiff no later than October 19, 2022. Plaintiff's memorandum in opposition to Defendants' pending Motion for Summary Judgment is scheduled to be filed by October 24, 2022. Initial requests for the production of documents are scheduled to be served by November 3, 2022. Interrogatories are scheduled to be served by November 3, 2022. Defendants' reply to Plaintiff's memorandum in opposition is scheduled to be filed no later than November 14, 2022. Requests to admit are scheduled to be served no later than January 3, 2023. All fact discovery is scheduled to be completed no later than February 15, 2023. Expert discovery is scheduled to be completed by March 31, 2023, and any additional motions for summary judgment must be filed by May 5, 2023.

5. A post-discovery status conference is scheduled for April 13, 2023 to discuss outstanding motions, the status of discovery and any additional discovery to be completed, the status of settlement discussions, the length of trial and whether it will be tried to a jury, and any other issues parties wish to address. In light of the reassignment of this case, the parties believe that an initial conference with Your Honor in the near term would be beneficial.

6. Defendants filed a Motion to Dismiss Plaintiff's Complaint on September 8, 2022. The Court converted the Motion to a Motion for Summary Judgment on September 19, 2022 because the Motion relied on documents outside the pleadings. Defendants moved for summary judgment on the basis that Plaintiff's claims are time-barred because Defendants' employment application stated that Plaintiff agreed that any lawsuit related to employment with the Defendants must be brought within six months and Plaintiff did not file her lawsuit within that time frame. Plaintiff contends that there was no agreement to shorten the statute of limitations and that even had such an agreement been reached it would not be enforceable as a matter of law.  After meeting and conferring, the parties have agreed that **Defendants will withdraw their Motion for Summary Judgment at this time, without prejudice to refile it, in order to conduct full discovery, and respectfully request that Your Honor allow Defendants to submit their Answer by November 1, 2022.**

7. There are no pending appeals.

8. All parties have made initial disclosures pursuant to the FRCP Rule 26. Plaintiff has issued one set of discovery requests and a notice of inspection seeking discovery necessary to respond to Defendant's Motion for Summary Judgment. Neither party has taken any depositions at this time. Parties have been referred to mediation through the Southern

BANTLE & LEVY LLP

      District's Mediation Program and will follow the Mediation Program Procedures for additional disclosures.

9. The parties engaged in good faith settlement discussions prior to the complaint being filed. The parties were too far apart and thus negotiations failed. No settlement discussions have been held since the Complaint was filed.

10. The parties met with the mediator assigned to the case on October 11 and tentatively scheduled a mediation for November 9, 2022..

11. The parties estimate the length of trial at 5 days.

12. This case raises an issue of significant importance - whether employers can truncate the statutes of limitation for claims arising under federal and state discrimination laws. One or more organizations, including the National Employment Lawyers Association/New York, would like to file an amicus brief on behalf of Plaintiff in the event that Defendants move for summary judgment on this issue. Plaintiff seeks the Court's guidance on proper timing and procedure for the filing of amicus briefs.

Respectfully submitted,

| LITTLER MENDELSON P.C. | BANTLE & LEVY LLP |
|---|---|
| By: _/s/ Zack Sharpe_ | By: _/s/ Lee F. Bantle_ |
| Lisa M. Griffith<br>Zack G. Sharpe, IV<br>900 Third Avenue<br>New York, New York 10022<br>Tel. 631.247.4709<br>lgriffith@littler.com<br>zsharpe@littler.com | Lee F. Bantle<br>Sherie N. Buell<br>99 Park Avenue, Suite 1510<br>New York, New York 10016<br>Tel. 212.228.9666<br>buell@civilrightsfirm.com<br>bantle@civilrightsfirm.com |
| *Attorneys for Defendants, Northwell Health, Inc. and North Shore University Hospital* | -and-<br><br>Laura Sager<br>Washington Square Legal Services, Inc.<br>245 Sullivan Street--5th Floor<br>New York, New York 10012<br>(212) 998-6442<br>laura.sager@nyu.edu<br>*Attorneys for Plaintiff, Victoria Monahan* |